IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FELIPE MALDONADO-GUIZAR, ) <br> ) <br> Defendant. ) <br> ) | **CRIMINAL ACTION** <br><br> No.  11-10182-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to withdraw his plea of guilty and dismiss the indictment. (Doc. 14). The motion has been fully briefed. (Docs. 16, 18). Defendant's motion is denied for the reasons herein.

**I.   Facts and Procedural History**

On March 2, 2010, defendant was charged in a two-count Felony Complaint with carrying a concealed dirk/dagger in violation of California Penal Code, Section 12020(a)(4) along with a Penal Code, Section 186.22(b)(1) allegation of doing so to promote a street gang. Defendant was also charged with participating in and promoting a criminal street gang under Penal Section 186.22(a), which was ultimately reduced to a misdemeanor.

Defendant was sentenced to 36 months of probation, which included a 300 day term in the county jail. On September 14, 2011, defendant was charged in this district with being a felon in possession of a firearm on May 2, 2011. Defendant pled guilty to this charge on January 9, 2012. Defendant now moves to withdraw his plea and seeks dismissal of the indictment on the basis that his prior

conviction for carrying a concealed dirk/dagger is a misdemeanor under California law.

## II.    Analysis

Under California law, "[a] felony is a crime which is punishable with death or by imprisonment in the state prison" and "[e]very other crime or public offense is a misdemeanor except those offenses that are classified as infractions." Cal. Penal Code § 17(a). Section 17(b)(1) of the California Penal Code deals with these so-called "wobbler" offenses that may be punished either as a felony or a misdemeanor. See, generally, Ewing v. California, 538 U.S. 11, 16, 123 S. Ct. 1179 (2003)(discussing offenses that may be classified either as felonies or misdemeanors under California law); Garcia-Lopez v. Ashcroft, 334 F.3d 840, 844 (9th Cir. 2003) (discussing the California "wobbler" statute).  Section 12020(a)(4), carrying a concealed dirk/dagger, is a "wobbler" statute under California law.

Defendant relies on section 17(b)(1) of the California Penal Code and asserts that his prior conviction is a misdemeanor because he was sentenced to the county jail and not state imprisonment. Pursuant to section 17(b)(1), "[w]hen a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes ... [a]fter a judgment imposing a punishment other than imprisonment in the state prison." Defendant contends that a judgment was imposed in his case because the sentencing minute order states that there is "no legal cause why Judgment should not now be pronounced." (Doc. 18, exh. B).

Defendant, however, is mistaken.  "[N]either a grant of

probation, nor a suspension of the imposition of sentence, is a judgment imposing a punishment of imprisonment for a term not exceeding one year.  In either case, no judgment is actually rendered; only if the state court were to impose sentence and then order its execution stayed would there be a judgment."  United States v. Bridgeforth, 441 F.3d 864, 871 (9th Cir. 2006); see also United States v. Hernandez-Castillo, 449 F.3d 1127, 1130 (10th Cir 2006)("neither probation nor a suspended sentence is deemed to be a judgment imposing punishment under California law."); see also People v. Smith, 195 Cal. App.2d 735, 737-738 (1961) ("An order granting probation is not a judgment.")  The sentencing minute order clearly grants probation, see Doc. 18, exh. B at 2, and is therefore not a judgment for the purposes of section 17(b)(1).  See Hernandez-Castillo, 449 F.3d at 1130-31.

Alternatively, section 17(b)(3) states that a "wobbler" offense "is a misdemeanor for all purposes . . . [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application . . . thereafter, the court declares the offense to be a misdemeanor."  There is no evidence to support a finding in this case that the court declared the offense to be a misdemeanor.  The complaint against defendant was a felony complaint.  (Doc. 16, exh. 1).  The plea documentation shows that defendant was pleading guilty to a felony charge on count one and clarifies that defendant was pleading guilty to a misdemeanor pursuant to section 17(b) in count 2.  (Doc. 16, exh. 2).  Therefore, without a declaration from the sentencing judge that defendant's dirk/dagger charge was a misdemeanor, the prior conviction is a felony under California law.  See Hernandez-Castillo, 449 F.3d at 1131; United

States v. Soto-Lara, No. 11-10116, 2012 WL 823636, *2 (9th Cir. Mar. 13, 2012) ("When there is no evidence in the record to show that the court declared the offense to be a misdemeanor, § 17(b)(3) does not operate to turn a wobbler offense into a misdemeanor.")

### III. Conclusion

Defendant's motion to withdraw his guilty plea and dismiss the indictment is denied. (Doc. 14). Sentencing will be held on April 30, 2012 at 2:30 p.m.

IT IS SO ORDERED.

Dated this __20th__ day of April 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE